UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD SHORT,

    Plaintiff,                                  Case No. 13-cv-13246
                                             Hon. Matthew F. Leitman

v.

JOHN KELLY, et al.,

    Defendants.

_____/

**<u>OPINION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION (ECF #25); ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #22); AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF #13)</u>**

Plaintiff Richard Short ("Short") is an inmate in the custody of the Michigan Department of Corrections (the "MDOC"). On July 30, 2013, Short filed a Complaint against numerous MDOC employees – in their individual and official capacities – who worked at the Central Michigan Correctional Facility (the "CMCF"), where Short was once incarcerated. (*See* Compl., ECF #1.) Among other things, Short alleges that John Kelly ("Kelly"), an Assistant Resident Unit Supervisor at the CMCF retaliated against him by (1) issuing a misconduct ticket on July 20, 2012 (the "July 20 Misconduct Ticket") "based solely on [Short] having written [a previous] grievance" against Kelly (*see* Compl. at 1, Pg. ID 4),

1

and (2) subjecting him to a "transfer screen," leading to his transfer from the CMCF. (*Id.* at 2, Pg. ID 5). Short also asserts that Val Hull ("Hull"), a corrections officer at the CMCF, "solicited several other prisoners … to assault [him] in retaliation for having written [a] grievance against Kelly." (*Id.* at 1, Pg. ID 4.)

On February 12, 2014, Defendants Hull and Kelly jointly moved for summary judgment. (*See* ECF #13.)[1] On July 23, 2014, the Magistrate Judge issued a Report and Recommendation (the "R&R") recommending that the Court grant in part and deny in part Defendants' motion. (*See* ECF #22.)

In the R&R, the Magistrate Judge first recommended that the Court dismiss Short's claims brought against Kelly and Hull in their official capacities. (*See id.* at 8, Pg. ID 187.) Next, the Magistrate Judge recommended that the Court grant Defendants' motion as to Hull's alleged solicitation of inmates to attack Short and as to Kelly's writing of the July 20 Misconduct Ticket. (*See id.* at 9-10, Pg. ID 188-189.) Finally, the Magistrate Judge recommended that the Court deny Defendants' motion with respect to Kelly's alleged participation in Short's transfer from the CMCF. (*See id.* at 10-16, Pg. ID 189-195.)

On August 14, 2014, Short filed objections to the R&R. (*See* ECF #25.) Short objects to the R&R on two grounds. First, Short argues that the Magistrate Judge erred when he recommended dismissing Short's claim against Hull for

---

[1] The Court had previously dismissed Short's claims against each of the other Defendants to this action. (*See* December 12, 2013, order, ECF #4.)

2

allegedly plotting to have Short attacked by other inmates. (*See id.* at 2-3, Pg. ID 204-205.) According to Short, "various courts have held that prison officials who identify an inmate in a manner intended to provoke assault, or the fear of assault, may be held liable for an Eighth Amendment violation." (*Id.* at 3, Pg. ID 205.)

As the Magistrate Judge aptly pointed out, however, Short has failed to present evidence that he experienced any harm – physical, psychological, or otherwise – due to Hull's alleged solicitation plan. Indeed, Short has not alleged nor presented evidence that he had any prior knowledge of Hull's alleged scheme or that he ever feared such a plot. *See, e.g., Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994) ("This Court has held that while a prisoner does not need to demonstrate that he has been the victim of an actual attack to bring a personal safety claim, *he must establish that he reasonably feared such an attack*") (emphasis added). Short is therefore in a vastly different posture than the inmates in the cases Short cites whose knowledge of a prison official's threats and/or actions caused them direct harm or fear. The Court therefore overrules Short's first objection and will adopt the R&R to the extent it recommends granting Hull summary judgment.

In his second objection, Short argues that the Magistrate Judge erred when he recommended that the Court dismiss Short's claim against Kelly for writing the July 20 Misconduct Ticket. (*See id.* at 4-6, Pg. ID 206-208.) The Court sustains

this objection. In the R&R, the Magistrate Judge found that the July 20 Misconduct Ticket "was pulled shortly after its issuance, and Short does not allege that he suffered any consequences as a result." (R&R at 10, Pg. ID 189.) However, as Short correctly argues in his objections, his Complaint does identify consequences that he claims to have suffered as a result of the July 20 Misconduct Ticket. Specifically, Short alleges that on July 21, 2012, Lt. Childs, a CMCF employee, reviewed the July 20 Misconduct Ticket and, as a result, "seized [Short's] Gate Pass Detail which authorized [Short] to work in [his] assigned position as a Front House Porter." (Compl. at 1, Pg. ID 4.) Short says that he did not receive his Gate Pass Detail back until July 25, after the CMCF warden determined the misconduct ticket was inappropriate and pulled the ticket. (*See id.*) Thus, at this early stage, before any discovery has taken place, the Court will allow this claim to proceed. The Court therefore sustains Short's second objection and will not adopt the R&R to the extent it recommends granting Kelly summary judgment with respect to the July 20 Misconduct Ticket.

Defendants have not filed any objections to the R&R. Failure to file objections to the R&R waives any further right to appeal. *See Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the R&R releases the Court from its duty to independently review the

matter. *See Thomas v. Arn,* 474 U.S. 140, 149 (1985).  The Court has nevertheless reviewed the R&R and agrees with the Magistrate Judge's recommendation to deny Defendants' motion with respect to Kelly's alleged participation in Short's transfer from the CMCF.

Therefore, for all the reasons stated above, **IT IS HEREBY ORDERED THAT** (1) Short's Objections to the R&R (ECF #25) are sustained in part and overruled in part; (2) the Magistrate Judge's R&R (ECF #22) is adopted in part and rejected in part; (3) Defendant's Motion for Summary Judgment (ECF #13) is granted as to Short's claims against Defendants in their official capacity and as to Defendant Hull; and (4) Defendant's Motion for Summary Judgment (ECF #13) is denied as to Short's claims against Defendant Kelly in his individual capacity.

                                                s/Matthew F. Leitman
                                                MATTHEW F. LEITMAN
                                                UNITED STATES DISTRICT JUDGE

Dated:  September 24, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 24, 2014, by electronic means and/or ordinary mail.

                                                s/Lisa Wagner
                                                Case Manager
                                                (313) 234-5113