UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD SHORT,

    Plaintiff,

v.

JOHN KELLY, et al.,

    Defendants.
_____/

Case No. 13-cv-13246
Hon. Matthew F. Leitman

### ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE COURT'S SEPTEMBER 24, 2014, OPINION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #29)

On July 30, 2013, Plaintiff Richard Short ("Plaintiff") filed this prisoner civil rights action against Defendants John Kelly ("Kelly"), an Assistant Resident Unit Supervisor at the Central Michigan Correctional Facility (the "CMCF"), and Val Hull ("Hull"), a corrections officer at the CMCF. (*See* Compl., ECF #1.) Short brought one claim against Hull, alleging that she "solicited several other prisoners … to assault [him] in retaliation for having written [a] grievance against Kelly." (*Id.* at 1, Pg. ID 4.)

The Defendants moved for summary judgment (*see* ECF #13), and the Magistrate Judge issued a Report and Recommendation (the "R&R") recommending that the Court grant in part and deny in part Defendants' motion

1

(*see* ECF #22). The Magistrate Judge recommended that the Court grant Hull summary judgment because (1) Short's claim against Hull "conspicuously omits any allegation that [Short] was ever actually assaulted or even threatened" as a result of Hull's alleged plot, and (2) Short "fail[ed] to allege any injury, emotional or otherwise as a result of Hull's alleged solicitation…" (*Id.* at 9, Pg. ID 188.)

Short filed objections to the R&R (*see* ECF #25), and the Court overruled his objection to the Magistrate Judge's recommendation that Hull was entitled to summary judgment. (*See* the "Opinion and Order," ECF #26 at 2-3, Pg. ID 213-214.) The Court found that Short's claim against Hull lacked merit. As the Court explained, Short needed to do more than allege he had knowledge of an alleged solicitation; he needed to establish that he suffered a cognizable injury. As the Court of Appeals for the Sixth Circuit has held, "while a prisoner does not need to demonstrate that he has been the victim of an actual attack to bring a personal safety claim, *he must establish that he reasonably feared such an attack*." *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994) (emphasis added). The Court concluded that "Short has not alleged nor presented evidence that he had any prior knowledge of Hull's alleged scheme or that he ever feared such a plot." (*Id.* at 3, Pg. ID 214.)

2

Short has now filed a motion requesting that the Court "alter or amend" the Opinion and Order. (*See* the "Motion to Amend" ECF #29.) Short argues that the record shows that he had "immediate knowledge" of Hull's solicitation plot, and that the actions he undertook in response to that knowledge "can only be presumed to attest to his level of concern or fear." (*Id.* at 2, Pg. ID 223.)

Short is correct in one respect. He has presented evidence that could support a finding that he immediately knew of Hull's purported plot. But his claim against Hull still fails. Short has neither presented documentary evidence nor submitted an affidavit that would establish that he "reasonably feared" an attack by the inmates Hull allegedly solicited. *See Thompson, supra*.

Indeed, the only relevant evidence in the record shows just the opposite. In response to the Defendants' summary judgment motion, Short submitted a July 26, 2012, letter he sent to Sergeant Steven Benn ("Sgt. Benn") of the Michigan State Police. (*See* ECF #21 at 47, Pg. ID 172.) In this letter, Short wrote that Defendants Hull and Kelly "intentionally solicit[ed] prisoners to assault [him]…" and Short asked the Michigan State Police to "afford [him] protection and safety." (*Id.*) However, Short also told Sgt. Benn that he did "<u>not</u> currently fear for [his] personal safety…." (*Id.*; emphasis added.) Short then re-emphasized at the end of his letter that he *did not* "worry about" the "prisoners" at the CMCF. (*Id.*) Short thus made clear in this letter that he did not fear that Hull's alleged solicitation

would result in his fellow prisoners attacking him. As Short has identified no other evidence in the record that he suffered any kind of injury – physical, psychological or otherwise – as a result of Hull's purported solicitation plot, the Court properly granted Hull summary judgment.

Therefore, for all the reasons stated above, **IT IS HEREBY ORDERED THAT** Short's Motion to Alter or Amendment the Court's September 24, 2014 Opinion and Order is **DENIED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 24, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 24, 2014, by electronic means and/or ordinary mail.

s/Holly Monda
Case Manager
(313) 234-5113