UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD SHORT,

       Plaintiff,                                Case No. 13-cv-13246
                                                      Hon. Matthew F. Leitman
v.

JOHN KELLY,

       Defendant.

_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL (ECF #35) AND AFFIRMING MAGISTRATE JUDGE'S ORDER (ECF #34)

Plaintiff Richard Short ("Short") is an inmate in the custody of the Michigan Department of Corrections (the "MDOC").  On July 30, 2013, Short filed a civil-rights action against, among others, John Kelly, an Assistant Resident Unit Supervisor at the Central Michigan Correctional Facility (the "CMCF"), where Short was once incarcerated.  (*See* the "Complaint," ECF #1.)

On February 11, 2014, Short first moved for the appointment of counsel in this action.  (*See* ECF #14.)  The Magistrate Judge denied Short's motion without prejudice.  (*See* ECF #15.)  Short objected to this recommendation (*see* ECF #16), and the Court overruled the objection.  (*See* ECF #19.)

On November 20, 2014, Short renewed his motion for appointment of counsel.  (*See* ECF #31.)   In his renewed motion, Short asserts that he needs counsel appointed for him because certain MDOC policies prevent him from "searching for, and communicating with, potential and even identified witnesses[,] creat[ing] an unusual barrier to adequate investigation, preparation and presentation of his claims."  (*Id.* at ¶11.)  Therefore, according to Short, "[c]ounsel is required in order to provide [him] with meaningful access to the courts."  (*Id.* at ¶12.)

The Magistrate Judge has now denied Short's renewed motion for counsel without prejudice. (*See* the "Magistrate Judge's Order," ECF #34.)  The Magistrate Judge determined that "[u]pon again reviewing Short's complaint and other filings … the Court finds that Short still has not shown exceptional circumstances meriting the appointment of counsel."  (*Id.* at 1, Pg. ID 241.)  The Magistrate Judge further concluded that "Short has shown an ability to meaningfully represent himself in this action, having prevailed in part against the defendants' motion for summary judgment."  (*Id.*)  The Magistrate Judge also told Short that "[s]hould [his] case survive dispositive motion practice and proceed to trial, he may file a renewed motion for the appointment of counsel at that time."  (*Id.* at 3, Pg. ID 243.)

Short filed objections to the Magistrate Judge's Order on February 18, 2015. (*See* the "Objections," ECF #35.)  In the Objections, Short repeats the claims he made to the Magistrate Judge that his "status as a prisoner" prevents him "from locating witnesses, conducting depositions, or otherwise engaging in the task of Discovery."  (*Id.* at ¶6.)  Short also now claims that the MDOC has confiscated "written statements of current and former employees of the [CMCF]" that could be useful in prosecuting his case.  (*Id.* at ¶8.)  Short further alleges that the MDOC has confiscated "all [of his] legal property" including "pleadings, exhibits, grievances, Orders, and research material."  (*Id.* at ¶13.)  As a result, Short claims that "it is virtually impossible for [him] to have meaningful access to the Court absent appointed counsel."  (*Id.* at ¶15.)

The Court has reviewed the Objections and overrules them.  As the Magistrate Judge properly concluded, "'[a]ppointment of counsel in a civil case is not a constitutional right.  It is a privilege that is justified only by exceptional circumstances.'"  (Magistrate Judge's Order at 1, Pg. ID 241 (quoting *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993)).)  Such "exceptional circumstances" do not exist here.  Indeed, Short has "demonstrated an ability to clearly articulate his arguments to the Court" (Magistrate Judge's Order at 2, Pg. ID 242), and he has previously defeated, in part, a motion for summary judgment. (*See* ECF #26.)  Simply put, Short has ably represented himself in this action, and

he has failed to show the exceptional circumstances required to justify the appointment of counsel at this time.

The Court is, however, very concerned about Short's allegations in the Objections that the MDOC is confiscating his legal materials and otherwise preventing Short from defending himself in this litigation. (*See* Objections at ¶¶11-14.) While the Court is unwilling to appoint Short counsel at this time, it does want to ensure that he is able to fully represent himself. Accordingly, the Court directs Defendant's counsel, the Office of the Attorney General, to communicate with the MDOC that, if and to the extent the MDOC has confiscated Short's legal materials, those documents should be immediately returned to Short unless the MDOC has a legitimate and compelling penological interest in withholding them. If the MDOC has such an interest, Defendant's counsel shall explain this interest to both Short and the Court in writing.

Therefore, for all the reasons stated above, **IT IS HEREBY ORDERED THAT** (1) Short's Objections to the Magistrate Judge's Order (ECF #35) are overruled; and (2) the Magistrate Judge's Order denying, without prejudice, Plaintiff's Renewed Motion for Appointment of Counsel (ECF #34) is **AFFIRMED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated:  April 14, 2015          UNITED STATES DISTRICT JUDGE

4

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 14, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113