UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD SHORT,

        Plaintiff,                     Civil Action No. 13-13246
                                        Honorable Matthew F. Leitman
v.                                             Magistrate Judge David R. Grand

JOHN KELLY,
et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION
TO DISMISS FOR WANT OF PROSECUTION [36, 46]**

**I.    REPORT**

On July 30, 2013, plaintiff Richard Short ("Short") filed his complaint in this case, pursuant to 42 U.S.C. § 1983, against several employees of the Michigan Department of Corrections. [1]. On March 20, 2015, the sole remaining defendant in the case, Assistant Resident Supervisor John Kelly ("Kelly"), filed a motion for summary judgment. [36]. Short filed a motion seeking an extension of time to respond on April 8, 2015. [38]. After conducting a teleconference with Short and counsel for Kelly on May 8, 2015, the Court granted Short's motion and extended his time to file a response until July 31, 2015. [41]. Short then failed to file a timely response.

On October 22, 2015, the Court ordered Short to show cause in writing, on or before November 5, 2015, as to why it should not recommend that the complaint be dismissed due to his failure to file a response to Kelly's motion for summary judgment. [46]. Alternatively, the Court permitted Short to file a response to Kelly's motion by November 5, 2015. [*Id.*]. The Court warned Short that "[f]ailure to timely or adequately respond in writing to this order to

show cause, or to timely file a response to Kelly's motion, will result in a recommendation that Kelly's motion be granted and/or Short's action be dismissed under Fed. R. Civ. P. 41(b)." [*Id.* at 1-2].

On October 30, 2015, the Court's order was returned as undeliverable. [ ]. The Post Office's return-to-sender stamp indicates, "PAROLED (NO FORWARDING INFO AVAILABLE)." [*Id.*]. Apparently, Short has been paroled and is no longer incarcerated at the address on file with the Court. Nor has he provided the Court with his updated contact information. Courts have recognized that a litigant has the burden of advising the court and the parties of any change of address. *See e.g. Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party … bears the burden of keeping the court apprised of any changes in his mailing address."); *Taylor v. Warren County Regional Jail*, 1992 WL 76938, at *2 (6th Cir. Apr. 13, 1992) (same). In addition, Local Rule 11.2 authorizes the Court to dismiss a case for "failure to file promptly current contact information . . ." Ultimately, "'[plaintiff] has the duty to inform the court of any address changes,' and it is not incumbent upon this Court or its staff to keep track of [plaintiff's] current address." *Brown v. White*, 2010 WL 1780954, at *1 (E.D. Mich. Apr. 30, 2010) (internal citations omitted). The Court advised Short of Local Rule 11.2 when he commenced this action [4] and he was clearly aware of his obligations pursuant thereto as evidenced by the numerous address changes that he filed with the Court throughout this litigation. [5, 11, 18, 23, 24, 32, 37].

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing

parties.'" *Trotter v. Gonzalez*, 2008 WL 2761019, at *2 (E.D. Mich. July 15, 2008) (quoting *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). A Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant who does not notify the Court of a change to his current address. *Trotter*, *supra* at *2; *Ortiz v. Donnellon*, 2012 WL 1957313, at *1 (E.D. Mich. Apr. 18, 2012) (dismissing the action *sua sponte* pursuant to Rule 41(b) for failure to prosecute). Short's failure to adhere to this requirement is no exception. This is particularly so here, where Short knew defendant Kelly's summary judgment motion has been pending before the Court for quite some time, and where the resolution of that motion was already delayed based on Short's request for a generous extension of time to respond, which the Court granted.

## II.  RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Short's complaint be **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 41(b).

Dated: November 19, 2015           s/David R. Grand
Ann Arbor, Michigan                DAVID R. GRAND
                                   United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will

be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 19, 2015.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
